DelBello Donnellan Weingarten
Wise & Wiederkehr, LLP
Charles L. Rosenzweig, Esq. (CR 7622)
Nelida Lara, Esq. (NL1204)
*Attorneys Plaintiff H&H Metals Corp.*
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
Phone: (914) 681-0200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
H&H METALS CORP.,

       Plaintiff,

  -against-

ERNESTO BERNADET, AMA RESOURCES,
INC. and ELECTROQUIMICA DEL
NAUQUEN, S.A.,

       Defendant.
-----------------------------------------------------------X

Case No. 23-cv-10640

**COMPLAINT**

    H&H METAL CORP ("H&H") by its attorneys, DelBello Donnellan Weingarten

Wise & Wiederkehr, LLP, brings this Complaint against Ernest Bernadet ("Bernadet"),

AMA Resources, Inc. and Electroquimica Del Nauquen, S.A. and alleges as follows:

<b><u>PARTIES</u></b>

    1.  H&H is a New York corporation with its principal place of business in New

York, New York, and is primarily engaged in the international purchase, sale and trading

of metallurgical ores, concentrated alloys and unrefined metal.

    2.  Upon information and belief, Bernadet is an individual residing at 92 SW

3rd Street, No. 511, Miami, Florida, and is either a citizen of Florida or a foreign country.

3.      Upon information and belief, AMA Resources, Inc. ("AMA"), a Florida corporation with offices located at 6619 South Dixie, Highway # 176, Miami, Florida 33143.

4.      Upon information and belief Bernadet is the President, Chairman of the Board and majority owner of AMA.

5.      Upon information and belief, Electroquimica del Neuquen S.A. ("EdN") is an Argentine corporation with its principal place of business located in the country of Argentina.

6.      Upon information and belief, Bernadet is the President of EdN.

7.      Upon information and belief, Electroquimica del Neuquen S.A. is owned by Bernadet and was established by Bernadet and AMA to act as their transferee of the collateral granted by Bernadet and AMA to plaintiff and which Bernadet and AMA fraudulently represented was owned by Bernadet and AMA.

## JURISDICTION AND VENUE

8.      Jurisdiction in this action arises under 28 U.S.C. § 1332(a) in that the action is between citizens of different States, or between a citizen of a State and citizens of a foreign state and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.      Venue in this action is proper under 28 U.S.C. § 1391 (b) because a substantial part of the events giving rise to the claim occurred in this judicial district and the parties agreed to submit to the exclusive jurisdiction of the federal and state courts in this judicial district.

**CLAIM**

**A. The Loans, Security Agreements and Guaranty between H&H, Bernadet, and AMA at Issue in this Action.**

> ***a. H&H Borrows and Bernadet Guaranties $861,934.83***

10.    On May 6, 2019, under Contract No. Cu-1166 dated April 25, 2019, H&H advanced AMA $435,000 for copper materials (the "First Loan"). Subsequently, AMA sought an additional $300,000 from H&H in October 2020 (the "Second Loan"). These transactions culminated in an installment loan agreement on October 8, 2020, which consolidated the First and Second Loans into a single obligation (the "Loan"), backed by Bernadet individually as guarantor. The consolidation was documented in a promissory note for $807,607.06, reflecting the First Loan and accrued interest totaling $507,607.06, plus the $300,000 for the Second Loan.

> ***b. Bernadet and AMA Grant H&H a Security Interest in Mining Concessions Located in Argentina***

11.    As further consideration for the Loan, both Bernadet and AMA entered into separate security agreements through which Bernadet and AMA gave H&H a first priority collateral security interest and lien upon all the rights derived from twelve mining concessions located in the country of Argentina (the "Security Agreements"). Attached hereto as **Exhibit A** and **Exhibit B** are true and complete copies of the Security Agreements between Bernadet and AMA respectively.

12.    H&H perfected the security interest in the Collateral by filing the appropriate U.C.C. financing statements. Attached hereto as **Exhibit C** is a true and complete copy of the U.C.C. financing statements.

13.     The collateral subject to H&H's security interest and lien set forth in the

Security Agreement with Bernadet includes the following:

    a.  All rights derived from the mining concessions on the lots:
- i.  Revancha, expediente (expediente) 070-159-2008
- ii.  La Cuprosa - expediente 4.281 - 1967
- iii.  La Barrosa - expediente 4.854 - 1969
- iv.  Gabriela Victoria - expediente 069 - 159 - 2008
- v.  Faupe Sur- expediente 1136/1994
- vi.  La Nuestra - expediente 57 42/1969
- vii.  Quillen Diez B - expediente 8051/1993

    b.  All Equipment, Fixtures, General Intangibles, and Books and Records relating to the foregoing; and

    c.  Any and all products and Proceeds of all or any of the foregoing, tort claims and all claims and other rights to payment including insurance claims against third parties for loss of, damage to, or destruction of the Collateral, and payments due or to become due under leases, rentals and hires of any or all of the foregoing and Proceeds payable under, or unearned premiums with respect to policies of insurance in whatever form.

(the "Bernadet Collateral") (See Ex. A Section 1 at pg. 2).

14.     The collateral subject to H&H's security interest and lien set forth in the

Security Agreement with AMA includes the following:

    a.  All rights derived from the mining concessions on the lots:
- i.  Yarabi Norte- expediente 1.135 - 032 – 1994
- ii.  Las Bardas - expediente 1.134- 032 - 1994 (The three below, Barda Gonzales, Tordillos, Cerro Granito)
- iii.  La Justa- expediente- 1404/1995
- iv.  Barda 1 - expediente - 113 7 /1994
- v.  El Deslinde- expediente 453 - 141 – 2006

    b.  All Equipment, Fixtures, General Intangibles, and Books and Records relating to the foregoing; and

    c.  Any and all products and Proceeds of all or any of the foregoing, tort claims and all claims and other rights to payment including insurance claims against third parties for loss of, damage to, or destruction of the Collateral, and payments due or to become due under leases, rentals and hires of any or all of the foregoing and Proceeds payable under, or unearned premiums with respect to policies of insurance in whatever form.

(the "AMA Collateral" collectively with Bernadet Collateral referred to as the "Collateral") (See Ex. B Section at pg. 2).

### *c. Bernadet and AMA Are Contractually Obligated to Execute All Necessary Documents to Enforce H&H's Rights on the Collateral.*

15.    In accordance with the Security Agreements, Bernadet and AMA are bound by a series of obligations aimed at ensuring H&H's rights in the collateral are fully executable and protected. They have agreed, at their own expense and upon H&H's request, to promptly execute and deliver any necessary instruments and documents and to take any action required to (a) obtain the benefits of the Security Agreements and Loan Documents, (b) safeguard H&H's interests in the collateral, and (c) enable H&H to exercise its rights and powers granted under these documents. This includes an irrevocable power of attorney granted to H&H, effective upon an Event of Default, to perform all necessary actions to effectuate the Security Agreements, loan documents, and related documents.

### B. **Bernadet and AMA's Fraudulent Misrepresentations Result in Default Under Security Agreements.**

16.    In the Security Agreements, Bernadet and AMA provided extensive warranties, which have since been discovered to be intentionally misleading. They assured H&H that they held the Collateral free of Liens, barring those in favor of H&H, and that no Collateral was tied to any existing agreements that would impede granting a Lien or necessitate any notification or consent for one. They vowed not to encumber the Collateral with any Liens aside from those allowed or to H&H directly and stated that upon finalizing necessary filings in Florida and Argentina, the Liens would represent valid, perfected security interests. Furthermore, they guaranteed that they would not dispose of the

Collateral outside of ordinary business practices and would actively defend H&H's interest in the Collateral, including taking legal action when prudent.

17.     Subsequent to entering the Security Agreements and upon the default of loan payment by Bernadet and AMA, H&H was to be granted rights to access and inspect the properties and records of Bernadet and AMA. Moreover, H&H was authorized to notify government authorities in Argentina and take possession or foreclose on the rights to the mining concessions and other Collateral to satisfy the obligations. An Event of Default under the Agreements included failure to make payments, failure to perform under the Security Agreement or Loan, providing misleading or false representations, or any change in the condition of Bernadet or AMA that impaired the Collateral.

18.     However, following the signing of the Agreements, H&H encountered deliberate obstruction from Bernadet in recording the security interest in Argentina, further delayed by the Covid-19 pandemic.

19.     Bernadet initially granted a power of attorney to a certain Ricardo Fantaguzzi to register H&H's interest in mining concessions. However, Bernadet, without notifying H&H, purported to revoke the power of attorney on January 26, 2021. Fantaguzzi still attempted to proceeded to file a request for registration in the Mining Contracts Protocol at the end of February 2021 to enforce the Collateral Agreement. However, on March 2, 2021, Bernadet, through his attorney, submitted a certificate of revocation of powers to the Provincial Mining Directorate, the Mining Authority at the First Instance.

20.     Upon a subsequent default on the Loan by Bernadet and AMA, it was revealed through renewed efforts to record the security interest that prior to the

6

Agreements, parts of the Collateral had been transferred to EdN., indicating fraudulent misrepresentation of ownership to induce H&H into the Loan agreements.

21.    Bernadet and AMA provided outdated certificates of dominion to H&H as proof of ownership, but further investigations uncovered superseding certificates, revealing the transfer in March 26, 2013 of the following Collateral concessions to EdN years before the Security Agreements were executed:   Yarabi Norte; La Cuprosa; Las Bardas; La Nuestra; La Barrosa.

22.    Bernadet holds at least partial ownership of Electroquimica del Nauquen S.A. **Exhibit D and Exhibit E** a translation of Ex. D.

23.    This pattern of deceit extends to attempts by Bernadet to sell and transfer mining concessions subject to the Security Agreements through EdN to other entities, such as Unicoin, Inc., a cryptocurrency company based in New York, New York, acting throughout the transaction in bad faith and with fraudulent intent. **Exhibit F**.

**C.    Bernadet and AMA default on the loan payments; H&H's Successful Files an Action to Enforce the Guaranty and Obtains a Default Judgment.**

24.    AMA failed to fulfill its financial obligation to H&H with the first installment payment due on January 1, 2021, under the Loan Agreement and Note. Following this missed payment, H&H issued a Notice of Default to AMA and Bernadet on January 27, 2021. The situation escalated with a Notice of Acceleration on February 4, 2021, due to non-payment of the January and subsequent February installments, demanding the repayment of the Loan in full, amounting to $861,934.83, alongside an accruing interest at a default rate of 15% from January 1, 2021.

25.    Despite the notices, no payment was received from AMA or Bernadet, leading H&H to commence legal action in the Southern District of New York around

February 15, 2021, to enforce the Guaranty. Case No. 21-cv-1323. The Guaranty stipulated that Bernadet would be responsible for H&H's attorney's fees and expenses incurred in enforcing the Note or other Loan Documents in the event of a default.

26.    In the ensuing legal proceedings, on February 2, 2022, a default judgment was entered in H&H's favor against Bernadet and AMA for the principal amount due, plus accrued interest and legal costs, totaling $1,057,826.03. This judgment affirmed the financial liability of Bernadet and AMA for the defaulted loan and associated enforcement expenses.

**D. H&H Commences a Proceeding in Argentina.**

27.    On May 2, 2023, H&H filed a proceeding in the Civil Court of Zapala, Argentina seeking to:

    a.  acknowledge the judgment rendered in New York;

    b.  register in the Provincial Directorate of Mining of Neuquen in Argentina

        H&H's security interest in each of the following mining concessions:

           i.    Yarabi Norte- expediente 1.135 - 032 – 1994
           ii.   Las Bardas - expediente 1.134- 032 - 1994 (The three below, Barda Gonzales, Tordillos, Cerro Granito)
           iii.  La Cuprosa - expediente 4.281 - 1967
           iv.   La Barrosa - expediente 4.854 - 1969
           v.    La Nuestra - expediente 57 42/1969
           vi.   Faupe Sur- expediente 1136/1994
           vii.  Barda 1 - expediente - 113 7 /1994
           viii. El Deslinde- expediente 453 - 141 – 2006; and

    c.  enjoin Bernadet, as owner of AMA and EdN, from transferring, selling

        or otherwise disposing of the following mining concessions:

           i.    Yarabi Norte- expediente 1.135 - 032 – 1994
           ii.   Las Bardas - expediente 1.134- 032 - 1994 (The three below, Barda Gonzales, Tordillos, Cerro Granito)
           iii.  La Cuprosa - expediente 4.281 - 1967
           iv.   La Barrosa - expediente 4.854 - 1969

     v.   La Nuestra - expediente 57 42/1969
    vi.   Faupe Sur- expediente 1136/1994
   vii.   Barda 1 - expediente - 113 7 /1994
  viii.   El Deslinde- expediente 453 - 141 – 2006

28.    The presiding judge in Argentina acknowledged the legality of the entire process initiated and concluded in New York by H&H but she specified that it should be the New York judge who carries out the enforcement of the collateral before the mining properties that are part of the agreement can be recorded.

29.    Upon discovering that Bernadet intended to sell mining concessions that form part of the Collateral to Unicoin, Inc., H&H made an additional application to obtain a notation in the title document of the mining concessions to assert H&H's rights over any parties interested in the mining properties involved in the guarantee agreement. The application was granted.

30.    Because the court in Argentina held that a decision of a NY court concerning the enforcement the security interests and agreements must first issue before the liens are recorded in Argentina, H&H brings this case to realize its rights under the AMA and Bernadet security agreements and to prosecute its rights against EdN as the wrongful transferee from AMA and Bernadet.

31.    All conditions precedent to the relief demanded herein have been performed or have occurred.

32.    Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services in connection with this action for which Defendants are liable under applicable law.

## COUNT I:
### Against Bernadet, AMA and EdN

33.     Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs.

34.     Bernadet and AMA have breached the Loan and Security Agreement by failing to execute the necessary documents to grant and perfect a security interest in the mining concessions, which constitute the collateral for the loan provided by Plaintiff.

35.     Plaintiff has performed all conditions precedent and obligations required under the Loan and Security Agreement, and the performance of Defendants in executing said documents is essential to the protection of Plaintiff's security interest.

36.     Defendant Bernadet, acting in concert with Unicoin, Inc., is attempting to transfer assets encumbered by Plaintiff's security interest, thus threatening the dissipation of collateral.

37.     Plaintiff will be irreparably harmed if Bernadet and AMA do not execute the necessary documents to grant and perfect a security interest in the mining concessions.

38.     There is no adequate remedy at law. Monetary damages are insufficient to remedy the harm to Plaintiff if the Collateral concessions are transferred to other third parties.

39.     Plaintiff seeks an order of injunction, compelling Defendants Bernadet, AMA and EdN to execute **Exhibit G** and **Exhibit H** (see Exhibit HI– translation of Ex. G and H) and any other necessary documents to perfect Plaintiff's security interest in the collateral, as well as an injunctive relief to prohibit any action that would dilute the value or obstruct the enforcement of Plaintiff's security interest in the collateral.

10

## COUNT II:
## Against Bernadet and AMA

40.     Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs.

41.     Defendants AMA and Bernadet made false warranties and intentional misrepresentations regarding the ownership and encumbrance status of the Collateral, causing Plaintiff to enter into the Loan and Security Agreement under false pretenses.

42.     H&H has relied to its detriment on these false representations, resulting in harm and damages to H&H.

43.     Plaintiff seeks compensatory damages for the harm suffered due to Defendants' misrepresentations and, where permissible under the law, punitive damages to deter such fraudulent conduct and punish the Defendants

## COUNT III:
## Against Bernadet, AMA and EdN

44.     Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs.

45.     Defendants Bernadet, AMA, and EDN have engaged in a scheme and artifice to defraud Plaintiff by transferring assets encumbered by Plaintiff's security interest and by obstructing the proper registration of Plaintiff's lien, threatening the dissipation and value of the collateral.

46.     Plaintiff seeks an injunction to prevent the transfer of any rights in the collateral to any third parties, including but not limited to Unicoin, Inc., and to maintain the status quo of the collateral's ownership pending the outcome of this litigation.

11

### COUNT IV:
### Against Bernadet, AMA and EdN

47.     Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs.

48.     Defendants Bernadet and Electroquimica have improperly transferred interests in the collateral, which were subject to Plaintiff's security interest, without Plaintiff's consent and in violation of the Loan and Security Agreement.

49.     Defendants made the improper transfers of the Collateral with the intent to defraud H&H.

50.     H&H did not receive the reasonably equivalent value of the Collateral in exchange for entering in the Security Agreement.

51.     Plaintiff is entitled to recover possession of the Collateral or, alternatively, the monetary value of the collateral wrongfully transferred by Defendants Bernadet and Electroquimica.

### COUNT V:
### Against Bernadet and EdN

52.     Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs.

53.     Bernadet and AMA have breached the Loan and Security Agreement by failing to execute the necessary documents to grant and perfect a security interest in the mining concessions, which constitute the collateral for the loan provided by Plaintiff.

54.     Plaintiff has performed all conditions precedent and obligations required under the Loan and Security Agreement, and the performance of Defendants in executing said documents is essential to the protection of Plaintiff's security interest.

12

55.     Defendant Bernadet, acting in concert with EdN, transferred assets encumbered by Plaintiff's security interest, thus threatening the dissipation of Collateral.

56.     Plaintiff will be irreparably harmed if Bernadet and EdN do not execute the necessary documents to grant a lien to H&H on the mining concessions, Yarabi Norte; La Cuprosa; Las Bardas; La Nuestra; La Barrosa.

57.     Plaintiff seeks an order of injunction, compelling Defendants Bernadet, and EdN to execute all necessary documents to grant a lien to H&H on the mining concessions, Yarabi Norte; La Cuprosa; Las Bardas; La Nuestra; La Barrosa.

## COUNT VI:
### Against AMA

58.     Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs as if fully set forth herein.

59.     Defendant AMA has defaulted under the terms of the Loan Agreement by failing to make the required payment and has not remedied said default despite proper notice.

60.     Plaintiff is entitled to a money judgment for the full amount of the unpaid debt amounting to $861,934.83, alongside an accruing interest at a default rate of 15% from January 1, 2021, late fees, and any other charges due under the Loan Agreement.

## COUNT VII:
### Against EdN

61.     Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs as if fully set forth herein.

62.     Plaintiff will be irreparably harmed if EdN completes a sale and transfer to Unicoin, Inc. of the mining concessions that are subject to Plaintiff's security interest.

63.     There is no adequate remedy at law. Monetary damages are insufficient to remedy the harm to Plaintiff if the Collateral concessions are transferred to Unicoin, Inc.

64.     Plaintiff seeks an injunction against Defendant EdN to prevent any further transfer, or attempted transfer, of the mining concessions or any part thereof to Unicoin, Inc. or any other entity, and to ensure the return of the collateral to Bernadet and AMA to reconstitute Plaintiff's Collateral.

### COUNT VIII:
### Against Bernadet, AMA and EdN

65.     Plaintiff re-alleges and incorporates herein by reference all preceding paragraphs as if fully set forth herein.

66.     Defendants Bernadet, AMA, and EdN, collectively and individually, have improperly transferred interests in the mining concessions, which serve as collateral under the Loan and Security Agreement, without the consent of Plaintiff and in violation of the terms of the Agreement.

67.     The Defendants engaged in these transfers with full knowledge of Plaintiff H&H's security interests and rights to said mining concessions.

68.     H&H is entitled to the recovery and return of the mining concessions transferred by the Defendants as such transfers were in violation of the Loan and Security Agreement.

69.     The acts of the Defendants in transferring the mining concessions have caused and continue to cause irreparable harm to H&H in that Plaintiff has been and will continue to be deprived of its security interests.

70.     H&H has no adequate remedy at law and is entitled to the recovery of the mining concessions or their full monetary value in satisfaction of Defendants' obligations under the Loan and Security Agreement.

71.     Plaintiff H&H seeks the issuance of an order to return all mining concessions transferred in violation of the Loan and Security Agreement or, alternatively, pay the monetary value of the concessions to H&H, and grant such other and further relief as this Court deems just and proper.

## COUNT IX:
### Against Bernadet and AMA

72.     As a direct result of the wrongful actions and breaches of contract by Defendants, Plaintiff has incurred and continues to incur legal costs and attorneys' fees.

73.     The Loan and Security Agreement expressly provides for the recovery of all costs of collection, enforcement, or protection of its rights, including reasonable attorneys' fees and other legal expenses.

74.     Defendants' actions have necessitated this litigation, and it is due to their wrongful acts that Plaintiff has been compelled to incur significant legal expenses.

75.     H&H has retained the services of counsel, who have rendered legal services to Plaintiff for which they are entitled to reasonable compensation.

76.     H&H is therefore entitled to the recovery of costs of this action and reasonable attorneys' fees pursuant to the terms of the Loan and Security Agreement.

77.    H&H seeks an award in favor of Plaintiff for its costs of this action and reasonable attorneys' fees as provided for in the Loan and Security Agreement, and grant such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff H&H respectfully requests that the Court grant the relief sought in each of the aforementioned Counts, together with such other and further relief as the Court may deem just and proper, including costs and attorneys' fees incurred in connection with this action.

Dated:  White Plains, New York
        December 6, 2023

                                        DelBello Donnellan Weingarten
                                        Wise & Wiederkehr, LLP


                                        By: /s/ Nelida Lara
                                        Charles L. Rosenzweig, Esq. (CR 7622)
                                        Nelida Lara, Esq. (NL1204)
                                        One North Lexington Avenue, 11th Floor
                                        White Plains, New York 10601
                                        Phone: (914) 681-0200
                                        *Attorneys for Plaintiff H&H Metals Corp.*