```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
H&H METALS CORP.,                                             :
                              Plaintiff,                      :
                                                              :        23 Civ. 10640 (LGS)
 -against-                                                    :
                                                              :              ORDER
ERNESTO BERNADET, et al.,                                     :
                              Defendants.                     :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, in January 2024, Plaintiff filed three affidavits of service regarding service via mail on Defendants Ernesto Bernadet and AMA Resources Inc. ("AMA").

WHEREAS, an Order dated February 2, 2024, directed Plaintiff to file a letter addressing whether service on Mr. Bernadet and AMA complied with Federal Rule of Procedure 4.

WHEREAS, on February 7, 2024, Plaintiff filed a letter stating that (1) Plaintiff had mailed the summons and complaint to Bernadet and AMA pursuant to the parties' security agreement at the address provided in the agreement; (2) Plaintiff attempted personal service on Bernadet at the same address but "the current resident indicated that Bernadet no longer resides there" and (3) "AMA was served by delivering a copy of the summons and complaint through the Florida Secretary of State." Attached to the letter are two affidavits of service reflecting the latter two efforts to serve, but not the first.

WHEREAS, an Order dated February 13, 2024, stated "Plaintiff has not shown that service was effectuated under the terms of the Agreement due to issues with the recipient's address. Plaintiff shall file a letter by February 20, 2024, addressing (1) how service on Defendant AMA Inc. complies with Fed. R. Civ. P. 4, possibly including but not limited to compliance with Fla. Stat. 48.081." The Order also stated, "If Plaintiff cannot show compliance with Rule 4, Plaintiff instead shall file a motion for alternative service."

WHEREAS, on February 20, 2024, Plaintiff filed a motion for alternative service. Specifically, Plaintiff moved for approval to serve Bernadet (1) by email at bernadete@bellsouth.net, (2) by email and mail care of Julio Ayala and (3) by email and mail care of Rosaria Martone. Plaintiff moved for approval to serve AMA by emailing Bernadet as AMA's registered agent.

WHEREAS, an Order dated April 8, 2024, granted Plaintiff's request to extend the time for service upon all Defendants to May 8, 2024, and directed Plaintiff to file a request for a further extension if service had not been completed at that time.

WHEREAS, an Order dated April 8, 2024, denied without prejudice Plaintiff's motion for alternative service because Plaintiff had not shown that its proposed alternative methods were reasonably calculated to reach Bernadet. The Order permitted Plaintiff to renew its motion for alternative service with additional evidence as described in the Order.

WHEREAS, on April 24, 2024, Plaintiff filed a motion for reconsideration as to the Order denying Plaintiff's motion for alternative service on the basis that Plaintiff had served AMA in compliance with Fla. Stat. 48.081 by serving the Secretary of State of Florida. The declaration attached to the motion states that further review of the affidavit filed as an attachment to the February 7, 2024, letter "did not clearly state that service had been effectuated on the Secretary of State" so the process server revised the affidavit "to clarify that service had been effectuated on the Florida Secretary of State." The accompanying "amended affidavit of service," shows service of the summons and complaint on AMA c/o the Secretary of State of Florida on January 10, 2024.

WHEREAS, Plaintiff's motion for reconsideration is an improper vehicle for the relief it seeks. A motion for reconsideration serves to alter the challenged decision rendered by the court. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). Here, Plaintiff moves for reconsideration of the decision denying its motion for alternative service. But Plaintiff's reconsideration motion does not ask

to change the outcome of that Order -- i.e., for the Court to grant the motion for alternative service. Rather, Plaintiff seeks approval that service on Defendant AMA had been completed through the traditional means of service under Rule 4 -- specifically, by "following state law . . . where service is made." Fed. R. Civ. P. 4(e)(1).  The Order dated February 13, 2024, provided Plaintiff with two paths for service: (1) showing that it complied with Rule 4, "including but not limited to compliance with Fla. Stat. 48.081," or, (2) filing a motion for alternative service if Plaintiff could not show compliance with Rule 4.  Plaintiff chose to file the motion for alternative service.

WHEREAS, Florida Statute 48.081(4) allows for service via the Florida Secretary of State under Section 48.161 if, after due diligence, service cannot be completed on the corporation's registered agent and "at least one person listed publicly by the domestic corporation or registered foreign corporation on its latest annual report."  Plaintiff's declaration attached to its motion for reconsideration describes how service was attempted and could not be completed on Bernadet as AMA's registered agent and on the other two individuals listed on AMA's latest annual report.  Section 48.161(1) permits service on the Secretary of State by personal service to the Secretary of State's office, as Plaintiff did here.

WHEREAS, Section 48.161(2) states, "Notice of service and a copy of the process must be sent forthwith by the party effectuating service or by such party's attorney by registered mail; by certified mail, return receipt requested; or by use of a commercial firm regularly engaged in the business of document or package delivery.  In addition, if the parties have recently and regularly used e-mail or other electronic means to communicate between themselves, the notice of service and a copy of the process must be sent by such electronic means or, if the party is being served by substituted service, the notice of service and a copy of the process must be served at such party's last known physical address and, if applicable, last known electronic address."  The provision also requires the party effectuating service to "file proof of service or return receipts showing delivery to the other party by mail or courier

3

and by electronic means, if electronic means were used," unless the party is "actively refusing or rejecting the delivery of the notice" or is concealing its whereabouts. Fla. Stat. 48.161(2), (3). Plaintiff's declaration states that process of summons was served "on the Secretary of State as an agent of AMA as provided in Fla. Stat. 48.161" and that "service on AMA has been effectuated in accordance with all relevant Florida statutory provisions and should therefore be deemed completed by the Court." However, the declaration does not address whether any notice was provided under Section 48.161(2) or demonstrate that the notice provision is inapplicable. It is hereby

**ORDERED** that Plaintiff's motion for reconsideration is **DENIED** but is construed to be a request for an order that service on Defendant AMA was completed as of the date of service on the Florida Secretary of State on January 10, 2024. That motion is **HELD** in abeyance pending Plaintiff's submission of evidence by **May 7, 2024**, that it complied with the notice provision in Section 48.161(2) or that the notice provision is inapplicable. It is further

**ORDERED** that Plaintiff shall file status letters every 30 days advising of any updates regarding service on Defendants, including the receipt of any notice that AMA has accepted service. It is further

**ORDERED** that the initial pretrial conference scheduled for May 15, 2024, is **ADJOURNED** sine die pending completion of service on all Defendants.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 32.

Dated: April 30, 2024
      New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**