# DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP

**Nelida Lara**
Partner
(914) 681-0200 x108
nlg@ddw-law.com

COUNSELLORS AT LAW
360 HAMILTON AVENUE
WHITE PLAINS, NEW YORK 10601

(914) 681-0200
FACSIMILE (914) 684-0288

**Connecticut Office**
1111 SUMMER STREET
STAMFORD, CT 06905
(203) 298-0000

September 30, 2025

**By ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **H&H Metals Corp. vs. Ernesto Bernadet, et al.,
        USDC SDNY Case No. 23-cv-10640-LGS**

Dear Judge Schofield:

Pursuant to Fed. R. Civ. P. 5.2(d), Plaintiff respectfully moves this Court for permission to file under seal Exhibit 5 to the Declaration of Nelida Lara, Esq., dated September 30, 2025, submitted in support of Plaintiff's Motion for Default Judgment.

Exhibit 5 consists of invoices for legal services provided by our firm in connection with Plaintiff's efforts to collect amounts owed by Defendant AMA Resources, Inc., and to enforce the personal guarantee of Defendant Ernesto Bernadet. The invoices contain detailed descriptions of legal advice, litigation strategy, and confidential attorney-client communications. To protect attorney-client privilege and attorney work product, the invoices were submitted in redacted form, removing only the descriptions of services rendered.

The public's interest in transparency is adequately served by the redacted version, while sealing the unredacted version protects privileged communications that would otherwise be disclosed. Accordingly, good cause exists to file the unredacted invoices under seal.

Plaintiff respectfully requests that the Court grant this application.

Respectfully submitted,

/s/ *Nelida Lara*
Nelida Lara

**LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE**

Application **DENIED** without prejudice to renewal.  Plaintiff has not filed an unredacted copy of the exhibit under seal as required by Individual Rule I.D.3.  Further, attorney time sheets are generally not privileged except to the extent they reflect privileged attorney-client communications or protected work product, and may be drafted to avoid divulging the content of such communications or work product.  The proposed exhibit fully redacts all descriptions of the work performed, making it impossible for the Court to determine the reasonableness of any time expended and therefore to award any fees.  Plaintiff is encouraged to submit time sheets detailing the work performed without revealing the content of attorney-client communications or protected work product, and may do so in support of a fee application after the Court's ruling on the pending motion for default judgment.

Dated: October 8, 2025
        New York, New York